**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4837**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TERENCE LOVELL DICKENS, a/k/a Terrence Lovell Dickens,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, Chief District Judge.  (4:12-cr-00026-D-1)

Submitted:  April 12, 2013          Decided:  April 25, 2013

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, James A. Martin, Assistant Federal Public Defender, Greenville, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terence Lovell Dickens appeals his conviction and sentence of 480 months of imprisonment following his guilty plea to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). Dickens' counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court erred in relying on hearsay when making factual determinations during Dickens' sentencing and whether Dickens' sentence is otherwise unreasonable. Although notified of his right to do so, Dickens has not filed a supplemental brief.

The Government has moved to dismiss Dickens' appeal to the extent that the issues he raises fall within the scope of his plea agreement's waiver of appellate rights. Dickens' plea agreement waives his right to appeal his sentence, reserving, in pertinent part, only the right to appeal a sentence in excess of his Guidelines range. For the following reasons, we grant the Government's motion, dismiss in part, and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). See, e.g., United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010) (appellate waivers are enforceable when validly executed). A

2

valid waiver will preclude appeal of a given issue if the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. Id.

Dickens does not contest the validity of his appellate waiver and the record indicates that it was knowing and voluntary. The court fully complied with Fed. R. Crim. P. 11 when accepting Dickens' plea and specifically ensured that Dickens understood the terms and effect of his appellate waiver. Further, we find no indication that the Government plainly violated the terms of Dickens' plea agreement. See Puckett v. United States, 556 U.S. 129, 133-34 (2009) (where defendant does not claim a breach of his plea agreement in the district court, review is for plain error).

Accordingly, we conclude that Dickens' appellate waiver is enforceable. Because Dickens was sentenced within his Guidelines range, his challenge to the district court's calculation of that range and to the reasonableness of his sentence falls squarely within the scope of his waiver. We therefore grant the Government's motion to dismiss Dickens' appeal of his sentence.

We also affirm Dickens' conviction. As noted above, the court fully complied with Rule 11 when accepting Dickens'

3

plea.  Accordingly, we conclude that the plea was knowing and voluntary, and therefore final and binding.  United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In accordance with Anders, we have reviewed the entire record and have found no unwaived meritorious issues for appeal. We therefore dismiss the appeal in part and affirm in part. This court requires that counsel inform Dickens, in writing, of his right to petition the Supreme Court of the United States for further review.  If Dickens requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Dickens.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4